**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE<br>MDD_TJSchambers@mdd.uscourts.gov | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-4560<br>Fax (410) 962-3630 |

September 29, 2014

LETTER TO PLAINTIFF AND COUNSEL

RE:   *Greene v. Tower Federal Credit Union*
        Civil No. WDQ-13-1883

Dear Mr. Greene and Counsel:

      This case has been referred to me for the resolution of discovery disputes and related scheduling matters. ECF No. 15. In a letter opinion dated August 18, 2014 (ECF No. 16), I granted Defendant Tower Federal Credit Union's ("Defendant") Motion to Compel Responses to Document Requests (ECF No. 14-3). Having granted the Motion to Compel, I went on to find that the circumstances outlined in Fed. R. Civ. P. 37(a)(5)(A) does not apply to preclude an award of attorneys' fees and costs. *See* ECF No. 16 at 5. I directed Defendant to submit an affidavit in support of its fees and costs in connection with the Motion to Compel, and further directed that Plaintiff could submit its position on the matter on or before September 12, 2014. Defendant filed an affidavit in support of its request for attorneys' fees, but Plaintiff did not submit its position on an award of fees, and the time for doing so has passed.

      Defendant requests that the Court require Plaintiff to pay the attorneys' fees Defendant incurred pursuant to Fed. R. Civ. P. 37(a)(5)(A).[1] Under this rule, where a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). To determine what constitutes reasonable attorneys' fees, the Court calculates the lodestar amount (the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate) and then determines whether an adjustment is warranted by considering the factors enunciated in *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). These factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in

---

[1] Defendant does not request an award of costs.

similar cases.

*Id*. The party seeking attorneys' fees bears the burden of proving the reasonableness of the amount sought.

The affidavit (ECF No. 18) submitted by Defendant is signed by defense counsel Charles R. Bacharach. Mr. Bacharach states that he has "been a practicing attorney specializing in employment law for over 25 years and has been counsel in over 90 cases before this Court." ECF No. 18 at 1. In this case, Mr. Bacharach's hourly billing rate is $495, less a 15% "courtesy discount." *Id*. This amounts to an hourly billing rate of about $420.75, which I note falls within the presumptively reasonable range in this district for attorneys with comparable experience, as set forth in Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases").

Mr. Bacharach has attached to the affidavit an invoice to the Defendant that includes 5.5 hours of time he billed in relation to the Motion to Compel. This time was spent communicating with Plaintiff about the discovery issues, reviewing Plaintiff's insufficient discovery responses, drafting the Motion to Compel and conducting legal research related to it. I find that the time Mr. Bacharach spent on the Motion to Compel is reasonable, and accept $2,314.12 as the lodestar. I do not find that any of the factors set forth in *Brodziak v. Runyon*, 145 F.3d at 196, warrant an adjustment to the lodestar amount. Accordingly, I award Defendant attorneys' fees in the amount of $2,314.12.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.[2]

Very truly yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge

---

[2] The Clerk is directed to mail a copy of this letter opinion and accompanying order to Plaintiff at the address on file with the Court, as well as the following address: Dwight C. Greene, 9803 Kerrigan Court, Randallstown, MD 21133.